NUMBER 13-05-681-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


CARLOS GARZA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 138th District Court 

of Cameron County, Texas

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Rodriguez



 Appellant, Carlos Garza, appeals the trial court's finding of no grounds for DNA
testing. On December 17, 1986, Garza was convicted of aggravated sexual assault
and sentenced to twenty years in the Texas Department of Corrections, with 143 days
time credit. On August 23, 2005, Garza filed a motion for forensic DNA testing. See
Tex. Code Crim. Proc. Ann. art. 64.01 (Vernon 2006). Judge Hector de Peña found
that there were no grounds for DNA testing. (1) Garza appeals from the trial court's
finding.

I. Compliance with Anders v. California

 After a conscientious examination of the record and relevant authority, Garza's
court-appointed counsel filed a brief in which he has concluded that, although Garza
has the right to appeal the trial court's determination, counsel can find no merit in
arguing a contrary position. Anders v. California, 386 U.S. 738, 744 (1967). The
brief meets the requirements of Anders as it presents a professional evaluation
showing why there are no arguable grounds for advancing an appeal. Id. at 744-45; 
Stafford v. State, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc). In
compliance with Anders, counsel has discussed why, under the controlling authorities,
there are no errors in the trial court's judgment. See Anders, 386 U.S. at 744; Currie
v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also High v. State, 573
S.W.2d 807, 812 (Tex. Crim. App. 1978).

 Counsel has informed this Court that he notified Garza that (1) he had
conscientiously reviewed the record and concluded that the trial court properly denied
his motion and that there are no non-frivolous issues to appeal, (2) Garza has the right
to review the appellate record and to file a pro se brief, and (3) he provided a
paginated copy of the record to Garza. See Anders, 386 U.S. at 744-45; see also
Stafford, 813 S.W.2d at 509; High, 573 S.W.2d at 813. Counsel also forwarded to
Garza a copy of the brief for his review. More than thirty days have passed, and Garza
has not filed any pro se brief.

II. Independent Review

 The Supreme Court advised appellate courts that upon receiving a "frivolous
appeal" brief, they must conduct "a full examination of all proceeding[s] to decide
whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W. 3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). We
have carefully reviewed the record and have considered issues, if any, raised in
counsel's brief, and we have found nothing that would arguably support an appeal. 
See Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly
frivolous and conclude the appeal is without merit. See Bledsoe v. State, 178 S.W.3d
824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders Briefs, by
indicating in the opinion that it considered the issues raised in the briefs and reviewed
the record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1.").

III. Conclusion

 We affirm the trial court's ruling on Garza's motion for DNA testing.

IV. Motion to Withdraw

 Additionally, in accordance with Anders, Garza's counsel has asked permission
to withdraw as counsel for Garza. See Anders, 386 U.S. at 744. We grant counsel's
motion to withdraw. We order counsel to notify Garza of the disposition of this appeal
and of the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25,
27 (Tex. Crim. App. 1997) (en banc) (per curiam); see also Tex. Code Crim. Proc. Ann.
art. 64.05 (Vernon 2006) (providing that an appeal under the DNA testing statute "is
to a court of appeals in the same manner as an appeal of any other criminal matter,
except that if the convicted person was convicted in a capital case and was sentenced
to death, the appeal is a direct appeal to the court of criminal appeals."); Swearingen
v. State, 189 S.W.3d 779, 780-81 (Tex. Crim. App. 2006).


 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 14th day of June, 2007.
1. On August 28, 2006, by order of this Court, Judge Rolando Olvera heard Garza's chapter 64
motion. Appointed counsel represented Garza at the hearing. After hearing arguments, Judge Olvera
affirmed Judge Hector de Peña's signature and August 23, 2005 order written on the DNA motion. 
Judge de Peña wrote that he had reviewed the file and found "no grounds for DNA." A copy of the
transcript of the hearing was made part of the appellate record.