

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,282

### EX PARTE CARLOS HIRACHETA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### IN CAUSE NO. 2000-006B FROM THE
### 274TH DISTRICT COURT OF CALDWELL COUNTY

*Per curiam.*

### OPINION

This is a post-conviction application for a writ of habeas corpus transmitted to this Court pursuant to TEX. CODE CRIM. PROC. art. 11.07.[1] On May 2, 2001, after entering a plea of guilty to both allegations contained in the indictment, the applicant was convicted of one count of intoxication manslaughter and one count of aggravated assault stemming from an incident that took place in August of 1999. The applicant was sentenced to fifteen years' imprisonment for intoxication manslaughter ("count one") and to ten years' imprisonment

---

[1] *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).

for aggravated assault ("count two"). The latter sentence, however, was suspended, and the applicant was placed on community supervision for ten years. The Third Court of Appeals affirmed the applicant's conviction.[2]

On November 19, 2007, the applicant filed an application for writ of habeas corpus claiming, among other things, (1) that the trial court should have *sua sponte* withdrawn the applicant's plea of guilty regarding one of the offenses, where both offenses were based on the same conduct, and (2) that he was denied a fair and impartial jury determination of punishment due to the trial court's instruction to the jury that it should assess punishment on both counts.

In September of 2008, this Court ordered the trial court to make findings of fact and conclusions of law relevant to the applicant's contentions. In January of 2009, the trial court found that there had been a double jeopardy violation and that the appropriate remedy for such violation was to vacate one of the convictions.[3] The trial court further concluded that, under Texas law, courts retain the conviction with the "most serious punishment" and vacate all other convictions that are the "same" for purposes of double-jeopardy.[4] In November of 2009, the trial court supplemented its findings and recommended that, because count one

---

[2] *Hiracheta v. State*, No. 03-05-00322-CR (Tex. App—Austin, delivered October 24, 2006, pet. ref'd.).

[3] *Ball v. United States*, 470 U.S. 856, 864 (1985); *Landers v. State*, 957 S.W.2d 558, 559 (Tex. Crim. App. 1997).

[4] *Landers*, 957 S.W.2d at 560.

resulted in the more serious punishment, it should be affirmed. The court then recommended that this Court vacate count two on double-jeopardy grounds.

A writ application under Article 11.07 of the Texas Code of Criminal Procedure may only be used to challenge a final conviction.[5] Count one of this cause number is final, but count two is not.[6] An applicant must file an application for writ of habeas corpus under Texas Code of Criminal Procedure 11.072 in the trial court in which community supervision was imposed in order to attack a judgment of conviction ordering community supervision.[7]

We therefore deny relief on the grounds that attack the conviction for count one and dismiss, without prejudice, the grounds attacking the conviction for count two.

Delivered:     March 31, 2010
Publish

---

[5]
*Ex parte Renier*, 734 S.W.2d 349 (Tex. Crim. App. 1987) (dismissing an application regarding community supervision brought under art. 11.07 for failing to comply with jurisdictional requisites to granting relief, that is, "a final felony conviction").

[6]
*See Ex parte Miller*, 552 S.W.2d 164, 165 (Tex. Crim. App. 1977) (explaining that community supervision continues to run until a revocation order is entered and becomes final, either because it was affirmed on appeal or because it was not appealed).

[7]
TEX. CODE CRIM. PROC. art. 11.072 §2(b)(1).