NUMBER 13-10-085-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

 

EX PARTE RICHARD
MARTINEZ

 

                                                                                                                     
  

 

On appeal from the 94th
District Court 

of Nueces County,
Texas.

                                                                    
                                                 

 

MEMORANDUM OPINION

 

Before Justices
Garza, Vela, and Perkes  

Memorandum Opinion by
Justice Vela

                                                                                                                                    

            Applicant, Richard Martinez,
was indicted for attempted sexual assault.  See Tex. Penal Code Ann. § 15.01(a) (West 2003), § 22.011(a)
(West Supp. 2010).  On January 17, 2008, he pleaded guilty to the offense, the
trial court found him guilty of the offense, and sentenced him to six years’
imprisonment, but suspended the sentence and placed him on community
supervision for six years.  Thereafter, pursuant to the State’s motion, the
trial court revoked Martinez’ community supervision.  However, while on
community supervision, Martinez filed an application for writ of habeas corpus
under Article 11.07 of the Texas Code of Criminal Procedure.  After an
evidentiary hearing, the trial court denied relief.  In three issues, Martinez
argues:  (1) he is actually innocent of the offense; (2) his plea was
involuntary; and (3) he received ineffective assistance of counsel.  We dismiss
the appeal for want of jurisdiction.

I. Jurisdiction

            On December 11, 2009, Martinez filed an
“APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY
CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07” (the Application)
with the clerk of the convicting court in the above-referenced case.  On
January 14, 2010, the trial court held a hearing on the Application and denied
relief.  This Court has received and filed the following items:  (1) the
clerk’s record, which includes a copy of the Application as well as a copy of
the order denying relief; (2) the reporter’s records of the plea hearing, the
hearing on the motion for new trial, and the hearing on the Application; and
(3) the appellate briefs.

Our court of criminal appeals has stated
that “[a] writ application under article 11.07 of the Texas Code of Criminal
Procedure may only be used to challenge a final conviction.”  Ex parte
Hiracheta, 307 S.W.3d 323, 325 (Tex. Crim. App. 2010) (citing Ex parte
Renier, 734 S.W.2d 349 (Tex. Crim. App. 1987) (dismissing an application
regarding community supervision brought under art. 11.07 for failing to comply
with jurisdictional requisites to granting relief, that is, “a final felony
conviction”)).

We need not decide whether Martinez’s
conviction is final because intermediate appellate courts do not have
jurisdiction over writs of habeas corpus filed under Article 11.07 of the Texas
Code of Criminal Procedure.  See Tex.
Code Crim. Proc. Ann. art.
11.07, § 3(a) (West 2010) (stating that “the writ [filed under Article 11.07]
must be made returnable to the Court of Criminal Appeals of Texas at Austin,
Texas.”); § 3(c) (stating “it shall be the duty of the convicting court to
decide whether there are controverted, previously unresolved facts material to
the legality of the applicant’s confinement. . . .  If the convicting court
decides that there are no such issues, the clerk shall immediately transmit to
the Court of Criminal Appeals a copy of the application, . . . .”); see also
Ex parte Mendenhall, 209 S.W.3d 260, 261 (Tex. App.–Waco 2006, orig.
proceeding). 

II. Conclusion

            We dismiss the appeal for want of
jurisdiction.

 

 

                                                                                         ROSE
VELA

                                                                                         Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the 

28th day of April,
2011.