

## NUMBER 13-10-085-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### EX PARTE RICHARD MARTINEZ

**On appeal from the 94th District Court
of Nueces County, Texas.**

## MEMORANDUM OPINION

**Before Justices Garza, Vela, and Perkes
Memorandum Opinion by Justice Vela**

Applicant, Richard Martinez, was indicted for attempted sexual assault.  *See* TEX.

PENAL CODE ANN. § 15.01(a) (West 2003), § 22.011(a) (West Supp. 2010).  On January

17, 2008, he pleaded guilty to the offense, the trial court found him guilty of the offense,

and sentenced him to six years' imprisonment, but suspended the sentence and placed

him on community supervision for six years.  Thereafter, pursuant to the State's motion,

the trial court revoked Martinez' community supervision. However, while on community supervision, Martinez filed an application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. After an evidentiary hearing, the trial court denied relief. In three issues, Martinez argues: (1) he is actually innocent of the offense; (2) his plea was involuntary; and (3) he received ineffective assistance of counsel. We dismiss the appeal for want of jurisdiction.

## I. JURISDICTION

On December 11, 2009, Martinez filed an "APPLICATION FOR A WRIT OF HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY CONVICTION UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07" (the Application) with the clerk of the convicting court in the above-referenced case. On January 14, 2010, the trial court held a hearing on the Application and denied relief. This Court has received and filed the following items: (1) the clerk's record, which includes a copy of the Application as well as a copy of the order denying relief; (2) the reporter's records of the plea hearing, the hearing on the motion for new trial, and the hearing on the Application; and (3) the appellate briefs.

Our court of criminal appeals has stated that "[a] writ application under article 11.07 of the Texas Code of Criminal Procedure may only be used to challenge a final conviction." *Ex parte Hiracheta*, 307 S.W.3d 323, 325 (Tex. Crim. App. 2010) (citing *Ex parte Renier*, 734 S.W.2d 349 (Tex. Crim. App. 1987) (dismissing an application regarding community supervision brought under art. 11.07 for failing to comply with jurisdictional requisites to granting relief, that is, "a final felony conviction")).

2

We need not decide whether Martinez's conviction is final because intermediate appellate courts do not have jurisdiction over writs of habeas corpus filed under Article 11.07 of the Texas Code of Criminal Procedure.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07, § 3(a) (West 2010) (stating that "the writ [filed under Article 11.07] must be made returnable to the Court of Criminal Appeals of Texas at Austin, Texas."); § 3(c) (stating "it shall be the duty of the convicting court to decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement. . . .   If the convicting court decides that there are no such issues, the clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application, . . . ."); *see also Ex parte Mendenhall*, 209 S.W.3d 260, 261 (Tex. App.–Waco 2006, orig. proceeding).

## II. CONCLUSION

We dismiss the appeal for want of jurisdiction.


ROSE VELA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of April, 2011.

3