**DISMISS and Opinion Filed May 10, 2013.**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-12-00301-CR**

**SCOTT COOKSEY, Appellant**

V.

**THE STATE OF TEXAS, Appellee**

On Appeal from the 199th Judicial District Court
Collin County, Texas
Trial Court Cause No. 199-81171-89

**MEMORANDUM OPINION**
Before Justices Bridges, FitzGerald and Myers
Opinion by Justice Myers

Scott Cooksey attempts to appeal from the trial court's ruling that it did not have jurisdiction to grant Cooksey's post-conviction request for "judicial clemency," filed pursuant to article 42.12, Section 20(a) of the code of criminal procedure. In three issues, Cooksey argues the trial court's ruling was contrary to case law[1] and the express language of article 42.12, Section 20(a), and that the trial court had jurisdiction over the matter because the request for "judicial clemency" was actually a separate civil action instead of a continuation of the underlying criminal case. For the following reasons, we dismiss the appeal for lack of jurisdiction.

---

[1] *See Cuellar v. State*, 70 S.W.3d 815, 818 (Tex. Crim. App. 2002).

DISCUSSION

Scott Cooksey was charged in 1989 with the third degree felony of theft of property of the value of at least $750, but less than $20,000.  On April 27, 1990, he pleaded guilty to this offense and was assessed a punishment of seven years' imprisonment, probated for seven years, and a $2500 fine.  An order discharging him from probation[2] was signed by the trial court on May 15, 1997.  In September of 2011, Cooksey filed a motion to set aside the conviction and to dismiss the charges pursuant to article 42.12, Section 20(a) of the code of criminal procedure.

Section 20(a) of article 42.12 of the code of criminal procedure establishes the mechanism for the discharge of a person after the successful completion of community supervision.  TEX. CODE CRIM. PROC. ANN. art. 42.12, § 20(a) (West Supp. 2012).  This section gives a trial court two options:  (1) to discharge the defendant after the successful completion and the expiration of the period of community supervision; (2) to set aside the verdict or permit the defendant to withdraw his plea, and dismiss the accusation, complaint, information, or indictment against the defendant, who is then released from all penalties and disabilities resulting from the offense—subject to two exceptions that are not at issue in this proceeding.  *Id.*

The trial court held a hearing on Cooksey's motion on January 27, 2012.  During the hearing, counsel for the State argued the court lacked jurisdiction to grant any relief to Cooksey because he had been discharged from community supervision and the matter was now beyond the court's jurisdiction.  The court took the matter under advisement.  On February 2, 2012, the court faxed a letter (dated January 10, 2012) to the parties.  The letter, which contained the style and cause number of the case and was signed by the trial judge, stated:  "The court finds that it no longer has jurisdiction to grant relief."  A general docket sheet entry dated February 2, 2012,

---

[2] In 1993, during the 73rd Legislative Session, the statutory term for probation was changed to "community supervision."  *State v. Perry*, 330 S.W.3d 311, 312 n.1 (Tex. Crim. App. 2011).

stated that the trial judge's ruling was faxed to Cooksey's trial counsel, and that the District Attorney's Office was also given a copy. A docket sheet entry from the following day, February 3, likewise stated: "On 02-02-2012 The Court finds that it no longer has jurisdiction to grant the relief/Judge Dry." There is no written order in the clerk's record ruling on Cooksey's motion.

On July 18, 2012, we sent a letter to counsel for both parties alerting them to several potential jurisdictional issues in this case, including the absence of a written order, the possibility that (depending on when the trial court ruled) Cooksey's March 5, 2012 notice of appeal was untimely, and the apparent lack of a statutory basis for an appeal from the denial of a motion for "judicial clemency." We asked the parties to submit supplemental briefs regarding our jurisdiction over the appeal. Our letter cautioned that after we received the briefs regarding the jurisdictional issue, we would either (1) dismiss the appeal for want of jurisdiction or (2) notify the parties by letter that we had jurisdiction over the appeal. Both the State and Cooksey responded to our letter.

Cooksey's jurisdictional response raises several arguments. First, he argues the court's letter combined with the February 2, 2012 docket sheet entry amounts to a written order in the case. We have no jurisdiction over an appeal absent a written judgment or order. *See, e.g., Nikrasch v. State*, 698 S.W.2d 443, 450 (Tex. App.—Dallas 1985, no pet.). A letter from the trial court to counsel is typically not the type of document that constitutes a judgment, decision, or order. *See Goff v. Tuchscherer*, 627 S.W.2d 397, 398-99 (Tex. 1982); *Perdue v. Patten Corp.*, 142 S.W.3d 596, 603 (Tex. App.—Austin 2004, no pet.). Only a letter evidencing a decision actually rendered, describing the decision with certainty as to parties and effect, and publicly announcing entry of the decision by prompt filing possesses all the necessary attributes of an order. *See Schaeffer Homes, Inc. v. Esterak*, 792 S.W.2d 567, 569 (Tex. App.—El Paso 1990, no

writ); *see also In re Newby*, 266 S.W.3d 557, 558-59 (Tex. App.—Amarillo 2008) (orig. proceeding) (distinguishing *Goff* because court's letter required no further action from the parties, contained the name and cause number of the case, bore a date, was signed by the trial court and filed with the district clerk). Likewise, a docket sheet entry is neither a judgment nor an order. *See State v. Garza*, 931 S.W.2d 560, 562 (Tex. Crim. App. 1996); *In re Bill Heard Chevrolet, Ltd*., 209 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2006) (orig. proceeding); *State v. Shaw*, 4 S.W.3d 875, 878 (Tex. App.—Dallas 1999, no pet.); *Energo Int'l Corp. v. Modern Indus. Heating, Inc*., 722 S.W.2d 149, 151 (Tex. App.—Dallas 1986, no writ).

But even if we conclude the trial court's letter possesses all the attributes of an order and that Cooksey's notice of appeal is timely,[3] we still do not have jurisdiction over the appeal. As we suggested in our letter to counsel, there is no statutory authority of which we are aware authorizing an appeal from the denial of a motion for "judicial clemency." Indeed, in *Cuellar v. State*, 70 S.W.3d 815 (Tex. Crim. App. 2002), on which Cooksey relies, the court of criminal appeals stated that the decision whether to grant "judicial clemency" is left to the trial court's *sole discretion*. *Cuellar*, 70 S.W.3d at 818-19. The code of criminal procedure does not provide for a right to appeal the court's decision and we have located no other statute providing a right to appeal under such circumstances. The right to appeal is statutorily provided and, absent such authority, we have no jurisdiction over the appeal.[4] *See Griffin v. State*, 145 S.W.3d 645, 646

---

[3] The notice of appeal was due within thirty days after the day the trial court entered an appealable order. TEX. R. APP. P. 26.2(a)(1). If the trial court ruled on February 2, 2012, then the notice of appeal was due by March 3, 2012. *See id*. Since March 3, 2012 was a Saturday, Cooksey's Monday, March 5th filing would have been timely. *See* TEX. R. APP. P. 4.1(a).

[4] We are also unable to determine the source of any form of jurisdiction on the part of the trial court given that Cooksey successfully completed and was discharged from probation in 1997, fourteen years before he filed the article 42.12, Section 20(a) motion. *See State v. Fielder*, 376 S.W.3d 784, 786 (Tex. App.—Waco 2011, no pet.) (court no longer had jurisdiction to modify or rescind order discharging defendant from community supervision four years after defendant successfully served and was discharged from community supervision). A trial court retains "plenary power" to modify or rescind an order within thirty days of its entry. *See Collins v. State*, 240 S.W.3d 925, 927 n.2 (Tex. Crim. App. 2007); *Swearingen v. State*, 189 S.W.3d 779, 781 (Tex. Crim. App. 2006); *State v. Aguilera*, 165 S.W.3d 695, 697-98 (Tex. Crim. App. 2005). But any plenary power the trial court in this case may have retained after the 1997 order expired long before Cooksey filed his motion. *Fielder*, 376 S.W.3d at 786.

(Tex. Crim. App. 2004) ("[a] defendant's right to appeal is granted only by statute."); *Bayless v. State*, 91 S.W.3d 801, 805 (Tex. Crim. App. 2002) ("As with the State, a defendant's right of appeal is a statutorily created right.").

Cooksey attempts to satisfy this jurisdictional requirement by arguing his application for "judicial clemency" is actually "a civil petition, separate and apart from the underlying criminal matter." He cites *Ex parte S.C.*, 305 S.W.3d 258, 260 (Tex. App.—Houston [14th Dist.] 2009, no pet.), for the proposition that "[a]lthough the expunction statute is located in the Texas Code of Criminal Procedure, an expunction proceeding is civil rather than criminal in nature." But Cooksey's motion, which was filed under section Section 20(a) of article 42.12 of the code of criminal procedure, styled the *State of Texas v. Scott A. Cooksey*, and contained the original criminal cause number, was titled a "motion to set aside conviction and dismiss charges." It plainly sought to set aside or dismiss a criminal judgment in which Cooksey had been charged by the State with a criminal violation and sentenced to a criminal punishment. There is no indication in the motion that Cooksey was initiating a civil proceeding of some kind or that he regarded the matter as a civil proceeding.

And even if we considered this case a civil proceeding, we would still lack jurisdiction over the appeal because Cooksey did not satisfy the amount in controversy requirement. Absent a statute expressly granting the right to appeal, a person may only appeal in a civil case if the judgment or amount in controversy exceeds $250. *See* TEX. GOV'T CODE ANN. § 22.220(a) (West 2011). Filing fees may not be considered to satisfy the amount in controversy requirement. *Id.; Browning v. State*, No. 05-08-01381-CV, 2009 WL 294909, at *1 (Tex. App.—Dallas Feb. 9, 2009, no pet.) (mem. op., not designated for publication) (per curiam); *Bergin v. State*, No. 06-06-00089-CV, 2006 WL 2456302, at *2 (Tex. App.—Texarkana Aug.

25, 2006, no pet.) (mem. op., not designated for publication). In this case, Cooksey neither directs us to a statute authorizing the appeal nor identifies an amount in controversy beyond the filing fees paid.

Cooksey also argues his request for "judicial clemency" could be construed as a "collateral attack very much like a habeas corpus action under Article 11.072." *See* TEX. CODE CRIM. PROC. ANN. art. 11.072 (West 2005). Article 11.072 sets out the procedures for filing a writ of habeas corpus in community supervision cases. *Id.; see Ex parte Hiracheta*, 307 S.W.3d 323, 325 (Tex. Crim. App. 2010); *Ex parte Cummins*, 169 S.W.3d 752, 756 (Tex. App.—Fort Worth 2005, no pet.); *see also Ex parte Enriquez*, 227 S.W. 3d 779, 781-83 (Tex. App.—El Paso 2005, pet. ref'd) (trial court had jurisdiction to consider 11.072 application filed by defendant who had been discharged from deferred adjudication community supervision). According to article 11.072, at the time the application is filed, the applicant must be or have been on community supervision and the application must challenge the legal validity of (1) the conviction for which (or order in which) community supervision was imposed or (2) the conditions of the community supervision. TEX. CODE CRIM. PROC. ANN. art. 11.072, § 2(b)(1), (2). But Cooksey's motion did not challenge the legal validity of his conviction and he was discharged from community supervision in 1997, fourteen years before he filed the motion. *See id.* Cooksey's motion sought "judicial clemency" based on the fact that he was "now a rehabilitated and law-abiding member of society." The motion was filed pursuant to article 42.12 of the code of criminal procedure, not article 11.072, and Cooksey neither pleaded 11.072 nor asked the trial court for any relief under that provision.

Finally, Cooksey suggests that if we conclude we lack appellate jurisdiction, we should convert the appeal into an application for a writ of mandamus and excuse his noncompliance

with the appellate rules governing such proceedings. *See* TEX. R. APP. P. 52. Cooksey does not cite any authority for the proposition that an appeal over which we lack jurisdiction can be reformed into an entirely different proceeding. Rule 2 of the rules of appellate procedure allows us to suspend the operation of a rule in a particular case for good cause and order a different procedure. TEX. R. APP. P. 2. But we may not use this rule to extend our jurisdiction or create jurisdiction where none exists. *See Garza v. State*, 904 S.W.2d 877, 879 (Tex. App.—Corpus Christi 1995), *affirmed*, 931 S.W.2d 560 (Tex. Crim. App. 1996); *Harris v. State*, 818 S.W.2d 231, 232 (Tex. App.—San Antonio 1991, no pet.). Nor may we use rule 2 to suspend any provision of the code of criminal procedure or to suspend or enlarge appellate time limits. *See* TEX. R. APP. P. 2; *Oldham v. State*, 977 S.W.2d 354, 359 (Tex. Crim. App. 1998).

Having therefore determined we lack jurisdiction to consider this appeal, we do not reach any of Cooksey's issues. We dismiss the appeal for want of jurisdiction.


/Lana Myers/
LANA MYERS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
120301F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

SCOTT A. COOKSEY, Appellant

No. 05-12-00301-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 199th Judicial District Court, Collin County, Texas
Trial Court Cause No. 199-81171-89.
Opinion delivered by Justice Myers. Justices Bridges and FitzGerald participating.

Based on the Court's opinion of this date, the above appeal is **DISMISSED** for want of jurisdiction.

Judgment entered May 10, 2013.

/Lana Myers/
LANA MYERS
JUSTICE

8