

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-80,783-01

### EX PARTE RAYMOND EARL COOPER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12-0292X(A) IN THE 71st DISTRICT COURT
### FROM HARRISON COUNTY

*Per curiam*. **Keller, PJ., Keasler and Hervey, JJ., dissent.**

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts of online solicitation of a minor. He was sentenced to ten years' community supervision on count one and two years' imprisonment on count two. He did not appeal his conviction.

This Court, in *Ex parte Lo*, held unconstitutional the online solicitation of a minor statute for which Applicant was convicted. *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013). Applicant, through counsel, filed this habeas application based on the *Lo* decision and asks that his conviction

be set aside. The State agrees that Applicant's conviction should be set aside. We agree that Applicant is entitled to relief. However, this Court has jurisdiction to grant relief only as to count two of the judgment. The sentence in count one is probated and relief is not available pursuant to Article 11.07.[1]

Therefore, relief is granted only on count two of the judgment. The judgment in Cause No. 12-0292X(A) in the 71st District Court of Harrison County is set aside as it pertains to count two, and Applicant is remanded to the custody of the Sheriff of Harrison County to answer the charges as set out in the indictment so that the indictment, as it pertains to count two, may be disposed of in accordance with this Court's opinion in *Ex parte Lo.* The trial court shall issue any necessary bench warrant within 10 days after the mandate of this Court issues.

The application as it pertains to count one is dismissed for want of jurisdiction.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.

Delivered: May 7, 2014
Do not publish

---

[1] Because the Applicant was granted probation on count one, his conviction is not final as to that count. *Ex parte Twyman*, 716 S.W.2d 951 (Tex. Crim. App. 1986). A writ application under Article 11.07 may be used to challenge a final conviction only and, as to the probated count of the judgment, the Applicant must seek relief pursuant to Art. 11.072 of the Code of Criminal Procedure. *Ex parte Hiracheta* 307 S.W.3d 323 (Tex. Crim. App. 2010).