

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-86,657-02

### EX PARTE JESUS MIROLA, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. F46009B IN THE 413TH DISTRICT COURT
### FROM JOHNSON COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967).

In a single indictment, Applicant was charged with two counts of indecency with a child by contact and one count of indecency with a child by exposure. Under a plea agreement, he pled guilty to one count of indecency by contact and one count of indecency by exposure for deferred-adjudication probations; the State abandoned the other count of indecency by contact. The State later alleged that Applicant violated the deferred-probations. After a contested revocation hearing, the trial

court revoked the deferred probations, and it assessed a twenty-year sentence for the indecency by contact offense and a ten-year sentence—probated for ten years—for the indecency by exposure offense. In this habeas application, Applicant alleges that his guilty pleas were involuntary due to the ineffective assistance of his trial counsel and that his appellate counsel provided ineffective assistance. Applicant fails to show entitlement to habeas relief.

Applicant's habeas challenge to the probated sentence for indecency by exposure is dismissed because "an applicant must file an application for writ of habeas corpus under Texas Code of Criminal Procedure 11.072 in the trial court in which community supervision was imposed in order to attack a judgment of conviction ordering community supervision." *Ex parte Hiracheta*, 307 S.W.3d 323, 325 (Tex. Crim. App. 2010). Applicant's habeas challenge to the to the final conviction for indecency by contact lacks merit and is denied.

Filed: August 21, 2019
Do not publish