

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| NICHOLAS D. WILLIAMS, | § | No. 08-23-00046-CR |
| Appellant, | § | Appeal from the |
| v. | § | 390th Judicial District Court |
| THE STATE OF TEXAS, | § | of Travis County, Texas |
| Appellee. | § | (TC# D-1-DC-12-904084) |

## **MEMORANDUM OPINION**

Pursuant to a plea-bargain agreement, Appellant Nicholas Williams pleaded guilty to a first-degree felony charge of murder and a judgment of conviction was rendered against him by the 390th District Court of Travis County, Texas.[1] *See* TEX. PENAL CODE ANN. § 19.02. The district court imposed a sentence of confinement for forty years' in the Texas Department of Criminal Justice. Appellant does not challenge his conviction or sentence, but instead, this appeal concerns a post-conviction motion under Chapter 64 of the Code of Criminal Procedure. In a single issue, Appellant contends the trial court erred in denying his motion for appointment of counsel to seek post-conviction DNA testing. We conclude we lack jurisdiction because (1) Appellant has

---

[1] This case was transferred from the Third Court of Appeals pursuant to a docket equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedent of the Third Court of Appeals to the extent it might conflict with our own. *See* TEX. R. APP. P. 41.3.

not perfected his appeal, and (2) an order denying a motion to appoint counsel under Chapter 64 is not an immediately appealable order. Accordingly, we dismiss the appeal.

## I. BACKGROUND

Appellant pleaded guilty pursuant to a plea-bargain in 2012. As part of his plea-bargain agreement, Appellant waived his right to an appeal. In 2017, Appellant sought and was denied a writ of habeas corpus from the Court of Criminal Appeals of Texas.

On October 21, 2022, Appellant filed a pro se motion for appointment of counsel under Chapter 64 of the Code of Criminal Procedure, which provides for post-conviction DNA testing. *See generally*, TEX. CODE CRIM. PROC. arts. 64.01–.05. Appellant did not expressly request DNA testing in his motion, but rather, alleged he was entitled to appointed counsel before filing any such motion.

On November 1, 2022, the trial court entered an order finding both that Appellant had not established reasonable grounds for post-conviction DNA testing, nor established he was entitled to appointment of counsel.[2] Appellant filed his pro se notice of appeal on November 22, 2022.

## II. DISCUSSION

### A. Perfecting a Chapter Sixty-Four Appeal

A criminal defendant has the right of an appeal under Code of Criminal Procedure Article 44.02 and the Rules of Appellate Procedure. TEX. CODE CRIM. PROC. art. 44.02. Chapter 64 of the Code of Criminal Appeals establishes the procedure for a convicted person to obtain post-

---

[2] The written order indicates the motion for appointment of counsel came to be considered on October 20, 2022, but it is file stamped November 1, 2022. No date appears near the trial court's signature. Appellant's notice of appeal references the "October 20, 2022" order. We refer to the file-stamp date because Appellant's motion, sent by mail and postmarked October 13, 2022, was not file stamped as received until October 21, 2022.

conviction DNA testing. *See generally*, TEX. CODE CRIM. PROC. arts. 64.01–.05. Chapter 64.05 provides that an appeal under Chapter 64 should be made "in the same manner as an appeal of any other criminal matter." *Id.* art 64.05; *see Swearingen v. State*, 189 S.W.3d 779, 780–81 (Tex. Crim. App. 2006) (distinguishing between capital cases and normal criminal appeals under Chapter 46 for purposes of direct appeals to the CCA). Thus, an appeal of a proceeding under Chapter 64 must comply with the Rules of Appellate Procedure.

Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure requires the trial court to enter its certification of a defendant's right of appeal each time it enters a judgment of guilt or other appealable order. TEX. R. APP. P. 25.2(a)(2). In a plea-bargain case, a defendant may appeal only those matters raised by written motion and ruled on before the trial court, or after receiving the trial court's permission to appeal. TEX. R. APP. P. 25.2(a)(2)(A), (B); *see Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) (noting that intermediate appellate courts have jurisdiction to ascertain whether an appellant who pleaded guilty is permitted to appeal under Rule 25.2(a)(2), but must dismiss a prohibited appeal without further action); *see also Tedford v. State*, No. 08-21-00003-CR, 2021 WL 717603, at *1 (Tex. App.—El Paso Feb 24, 2021, no pet.) (mem. op., not designated for publication).

The trial court's initial certification in this case states the case is "a plea-bargain case, and the defendant has NO right of appeal." The certification is dated October 15, 2012, and was signed by both Appellant and his counsel. There is no certification in the record relating to any of the post-conviction proceedings. Accordingly, we lack jurisdiction to consider the denial of Appellant's post-conviction motion.

**B. Appointed Counsel Under Chapter Sixty-Four**

Although the lack of certification alone precludes our consideration of Appellant's issue, we note for the sake of clarity that the order at issue is not an immediately appealable order. The procedure for a convicted person to obtain post-conviction DNA testing includes a limited right to appointed counsel to pursue testing. *See* TEX. CODE CRIM. PROC. art. 64.01(c). The appointment of counsel is conditioned on three criteria: (1) the convicting person must inform the convicting court that such person wishes to submit a motion for DNA testing; (2) the convicting court must find that "reasonable grounds" exist for filing a DNA motion; and (3) the convicted person must be indigent. *Id*.; *Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010) (finding that entitlement to appointed counsel in a Chapter 64 post-conviction DNA proceeding "is not absolute").

Although an order denying DNA testing is an appealable order under article 64.05, a trial court's decision to deny a request for appointed counsel to assist in filing a motion for post-conviction DNA testing is not an "immediately appealable" order. *Gutierrez*, 307 S.W.3d at 322–23 (noting that an appealable issue is not always immediately appealable and that interlocutory appeals are rarely permitted); *Whitfield v. State*, 430 S.W.3d 405, 408 n. 11 (Tex. Crim. App. 2014); *Joseph v. State*, No. 03-17-00006-CR, 2017 WL 637239 (Tex. App.—Austin Feb. 3, 2017, no pet.) (mem. op., not designated for publication). The decision to appoint counsel is a "preliminary decision that is appropriately reviewed as alleged error after a motion for DNA testing is denied." *Whitfield*, 430 S.W.3d at 408 n. 11.

Here, Appellant filed a motion to appoint counsel under Chapter 64 requesting only that relief. Appellant did not file a motion seeking DNA testing, and he specifically alleged in his motion that he was entitled to counsel before filing such a motion. Appellant's appeal is premature;

"a motion for appointed counsel is a preliminary matter that precedes the initiation of Chapter 64 proceedings."[3] *Gutierrez*, 307 S.W.3d at 323 ("At this stage, a convicted person has only contemplated the filing of a motion for DNA testing."). Accordingly, we lack jurisdiction to consider Appellant's claim that the trial court erred in denying his motion to appoint counsel.

## III. CONCLUSION

We conclude we lack jurisdiction in this appeal because (1) there is no certification of Appellant's right to appeal his post-conviction order, and (2) because the order denying appointment of counsel is not an immediately appealable order under Rule 25.2(a)(2). TEX. R. APP. P. 25.2(a)(2). Therefore, we dismiss this appeal.

GINA M. PALAFOX, Justice

February 24, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)

---

[3] Although Appellant's appeal is premature, we note that our opinion does not preclude Appellant from filing a motion for DNA testing or additional motions for the appointment of counsel. As the Court of Criminal Appeals has noted: "The better course is for a convicted person to file a motion for DNA testing and, if and when the motion is denied, appeal any alleged error made by the trial judge in refusing to appoint counsel. *Gutierrez*, 307 S.W.3d 323.