IN THE COURT OF CRIMINAL APPEALS

OF TEXAS





NO. AP-75,203






LARRY RAY SWEARINGEN, Appellant


v.


THE STATE OF TEXAS





ON DIRECT APPEAL FROM DENIAL OF

MOTION FOR DNA TESTING

FROM MONTGOMERY COUNTY






Keller, P.J., delivered the opinion of the unanimous Court.



 This is a direct appeal to this Court from a trial court's denial of a motion for DNA testing. 
We hold that the notice of appeal was untimely filed.

I. BACKGROUND


 Appellant was convicted of capital murder and sentenced to death, and this Court affirmed
the conviction and sentence on direct appeal. (1) On October 19, 2004, appellant filed a motion for
DNA testing. (2) Before the trial court's decision on the matter, appellant filed two subsidiary motions:
a motion for an evidentiary hearing, filed on November 22, 2004, and a motion for entry of order,
filed on March 4, 2005. On April 7, 2005, the trial court entered an order denying the motion for
DNA testing. 

 That same day appellant filed a motion for extension of time to respond to the State's
opposition to his DNA request. The next day, he filed a sealed, ex parte application for discovery
and an ex parte motion for discovery. On April 11, 2005, the trial court denied the request for
extension of time. The sealed application and the motion for discovery were denied on April 13 and
19, 2005, respectively.

 Appellant subsequently filed an application for writ of mandamus, alleging that the trial court
had failed to rule on some of his motions. On April 27, 2005, this Court issued an order directing
the trial court to respond. On May 10, 2005, the trial court issued orders denying appellant's motion
for an evidentiary hearing and his motion for entry of order. That same day the trial court sent this
Court its mandamus response, enclosing the May 10 orders and the original order denying the motion
for DNA testing.

 On June 9, 2005, appellant filed his notice of appeal. 

II. ANALYSIS


 In Chapter 64 of the Texas Code of Criminal Procedure, the Legislature has afforded a post-conviction procedure for obtaining DNA testing. (3) Although a motion for DNA testing may relate
to a capital proceeding in which the death penalty was imposed, an appeal from a Chapter 64
proceeding is not an appeal from the "judgment of conviction and sentence of death" and thus does
not come within the provision for "automatic review" by this Court. (4) Instead, Chapter 64 contains
its own appellate provision, which applies even when the testing relates to a proceeding in which the
death penalty was imposed. Under the DNA testing statute, an appeal "is to a court of appeals in the
same manner as an appeal of any other criminal matter, except that if the convicted person was
convicted in a capital case and was sentenced to death, the appeal is a direct appeal to the court of
criminal appeals." (5) By its plain language, (6) the statute directs that all appeals follow the usual
procedures designated for appeals to the courts of appeals, except that the appeal will be directed
to this Court if the motion relates to a judgment of conviction that carries a death sentence. 
Consequently, a DNA movant must meet applicable filing and time requirements found in the Rules
of Appellate Procedure. 

 These requirements include filing a notice of appeal (7) and filing that notice within thirty days
after the appealable order is entered. (8) The "appealable order" in this case was the order denying
DNA testing, entered on April 7, 2005. Thirty days from April 7, 2005 was May 7, 2005, which was
a Saturday. Taking into account Rule 4.1's command that if the last day of the time period "is a
Saturday, Sunday, or legal holiday, the period extends to the end of the next day that is not a
Saturday, Sunday, or legal holiday" (9) the last day for filing the notice of appeal was May 9, 2005. 
The notice of appeal, filed on June 9, 2005, was a month late. 

 Although the trial court later denied other motions that may have been ancillary to the
Chapter 64 proceeding, the outcome of the proceeding was decided on April 7th, and the appellate
timetable ran from that date. While some of our cases suggest that the trial court may have plenary
power to modify or rescind its order within thirty days, (10) the trial court did not do so here. Certainly,
the trial court's orders denying the motions for extension of time, for an evidentiary hearing, and for
discovery cannot be construed as some sort of modification or recision of the trial court's order
denying testing. And although appellant's "motion for entry of order" suggested that he was entitled
to DNA testing, and the trial court denied that motion on May 10th, that order of denial was not
tantamount to a new or "modified" order denying DNA testing from which an appeal could lie. The
trial court simply denied the motion to enter an order - which was proper because the trial court had
already entered an order denying DNA testing. (11) And even if the trial court's order on the motion
for entry of order were construed as a modified order that would restart the appellate timetables, that
order came after the trial court's plenary power, if any, expired. Thirty days from April 7th was May
7th. Even if Rule 4.1 were applied to extend the trial court's plenary power to the following Monday,
that would still result in the order having been issued after any such plenary power expired.

 The notice of appeal was untimely filed. The appeal is dismissed.

 Keller, P.J.

Date delivered: February 1, 2006

Publish
1. Swearingen v. State, 101 S.W.3d 89 (Tex. Crim. App. 2003).
2. See Tex. Code Crim. Proc., Art. 64.01, et seq. All further references to articles are to
the Texas Code of Criminal Procedure.
3. Id.
4. See Art. 37.071, §2(h)("The judgment of conviction and sentence of death shall be
subject to automatic review by the Court of Criminal Appeals"); see also Tex. R. App. P.
25.2(b)("In a criminal case, appeal is perfected by timely filing a sufficient notice of appeal. In a
death penalty case, however, it is unnecessary to file a notice of appeal").
5. Art. 64.05 (emphasis added).
6. We construe statutes in accordance with the plain meaning of the text unless the
language is ambiguous or the plain meaning leads to absurd results that the Legislature could not
have possible intended. Boykin v. State, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991).
7. Tex. R. App. P. 25.2(b).
8. Tex. R. App. P. 26.2(a)(1).
9. Tex. R. App. P. 4.1(a).
10. State v. Aguilera, 165 S.W.3d 695, 697-698 (Tex. Crim. App. 2005)("trial court
retains plenary power to modify its sentence if a motion for new trial or motion in arrest of
judgment is filed within 30 days of sentencing"); State v. Patrick, 86 S.W.3d 592, 596 (Tex.
Crim. App. 2002)(plurality op.)(trial court may have the power to rescind an order granting or
denying DNA testing under Chapter 64 for a limited time).
11. We note, however, that the trial court need not have entered the May 10th order because
the entry of its April 7th order denying DNA testing rendered appellant's March 4th "motion to
enter order" moot.