# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00667-CR

**Ex parte Guadalupe Padilla**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
### NO. D-1-DC-95-952802, HONORABLE MICHAEL LYNCH, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Guadalupe Padilla was convicted in 2002 of the offense of aggravated sexual assault of a child. This Court affirmed his conviction. *See Padilla v. State*, No. 03-02-00345-CR, 2003 Tex. App. LEXIS 5088 (Tex. App.—Austin June 19, 2003, pet. ref'd). On January 9, 2007, Padilla filed his second pro se request for appointment of counsel to file a motion for post-conviction DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2010). The district court denied the request, but this Court reversed the district court's order and held that Padilla was entitled to appointment of counsel. *See In re Padilla*, No. 03-07-00712-CR, 2008 Tex. App. LEXIS 4540, at *3 (Tex. App.—Austin June 18, 2008, no pet.).

According to Padilla, DNA testing was subsequently ordered in June 2009 and March 2010. The district court ordered additional testing on September 9, 2010, for reasons that are not apparent from the record before us. Padilla has filed a pro se notice of appeal from the

district court's September 9, 2010 order.[1]  However, the district court has entered a certification providing that this is "not an appealable order, and the defendant has no right of appeal."  We agree.

Texas Code of Criminal Procedure Chapter 64 defines the procedures for a convicted person to obtain post-conviction DNA testing.  In noncapital cases, an appeal under Chapter 64 "is to a court of appeals in the same manner as an appeal of any other criminal matter."  Tex. Code Crim. Proc. Ann. art. 64.05 (West 2006).  Thus, "[i]n all appeals under Article 64.05, the 'applicable filing and time requirements found in the Rules of Appellate Procedure' apply."  *Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010) (quoting *Swearingen v. State*, 189 S.W.3d 779, 781 (Tex. Crim. App. 2006)).  According to the rules of appellate procedure, a criminal defendant may only appeal from "a judgment of guilt or other appealable order."  *See* Tex. R. App. P. 25.2(a)(2); *see also* Tex. Code Crim. Proc. Ann. art. 44.02 (West 2006).  Although there is no "judgment of guilt" in Chapter 64 proceedings, an order *denying* DNA testing is considered a final, appealable order.  *See Swearingen*, 189 S.W.3d at 781.

On the other hand, an order granting DNA testing is not a final order, because after DNA testing is ordered, the convicting court is then required to examine the results of the testing, hold a hearing, and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted.  *See* Tex. Code

---

[1]  It is unclear why Padilla is appealing from this order.  In his notice of appeal, Padilla complains of appointed counsel's "defective representation" during the Chapter 64 proceeding and the district court's alleged failure to grant Padilla's "motion to waive counsel."  He then asks this Court "to recognize Defendant's Waiver of Counsel and allow Defendant to proceed pro se."  However, in a pro se "supplemental notice of appeal," Padilla asserts that on October 11, 2010, the district court granted appointed counsel's motion to withdraw.

Crim. Proc. Ann. art. 64.04 (West 2006). The defendant then appeals from the trial court's findings regarding the results of the testing. *See id*. art. 64.05; *see also In re Morton*, No. 03-08-00585-CR, 2010 Tex. App. LEXIS 93, at *10 (Tex. App.—Austin Jan. 8, 2010, no pet.) (holding that "in a Chapter 64 proceeding the final order that denies forensic DNA testing, or that makes the required findings following the granting of DNA testing, triggers the running of the notice-of-appeal deadline as to all such orders in the proceeding") (internal citations omitted).

We do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted to us by law. *See Ex parte Apolinar*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). No such grant exists for a defendant's appeal of an interlocutory order arising under Chapter 64.[2] *Cf. Gutierrez*, 307 S.W.3d at 322-23 (observing that "there is a difference between issues that may be litigated on appeal and issues that are immediately appealable" and concluding that decision to deny appointed counsel under Chapter 64 is not appealable order). Accordingly, we dismiss this appeal for want of jurisdiction.[3] When the district court enters its final order regarding the results of the DNA testing, Padilla may then file his notice of appeal.

---

[2] We note that different rules govern an appeal by the State. *See* Tex. Code Crim. Proc. Ann. art. 44.01 (West Supp. 2010); *see also* Tex. R. App. P. 25.2(a)(1). Just as the State is entitled to appeal an order granting a motion to suppress evidence, *see* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5), the State is also entitled to appeal an order issued under Chapter 64. *See id*. art. 44.01(a)(6).

[3] Padilla has also filed a pro se "motion for suspension of rules" regarding filing requirements and a pro se "motion to stay appeal and/or stay the filing of appellate record" pending his transfer from one prison unit to another. In light of our disposition of this appeal, we dismiss as moot Padilla's pro se motions.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Dismissed for Want of Jurisdiction

Filed: December 10, 2010

Do Not Publish