NO. 07-11-0188-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

MAY 23, 2011
_____

KEVIN RAMZY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 181ST DISTRICT COURT OF POTTER COUNTY;

NO. 33,461-B; HONORABLE JOHN B. BOARD, JUDGE

_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

On February 22, 2011, the trial court signed an *Order Denying Defendant's Motion for Appointment of Counsel for DNA Testing.*  No motion for new trial was filed, and on May 5, 2011, Appellant, Kevin Ramzy, filed a pro se notice of appeal requesting review of the trial court's order.

A timely and proper notice of appeal invokes this Court's jurisdiction.  *State v. Riewe,* 13 S.W.3d 408, 410 (Tex.Crim.App. 2000).  When no motion for new trial is filed,

a notice of appeal must be filed within thirty days after the trial court enters an appealable order. Tex. R. App. P. 26.2(a)(1). The deadline may be extended if, within fifteen days, the party files the notice with the trial court clerk and also files a motion for extension of time in compliance with Rule 10.5(b) of the Texas Rules of Appellate Procedure in this Court. *See* Tex. R. App. P. 26.3. This Court has no authority to invoke Rule 2 to enlarge the time in which to file a notice of appeal. Tex. R. App. P. 2; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex.Crim.App. 1998).

The order Appellant seeks to appeal was entered on February 22, 2011. Thus, the deadline in which to file a notice of appeal was March 24, 2011. Accordingly, the notice of appeal was not timely filed. *See Swearingen v. State*, 189 S.W.3d 779, 781 (Tex.Crim.App. 2006). The appeal is dismissed for want of jurisdiction.[1]

Patrick A. Pirtle
Justice

Do not publish.

---

[1] Even if Appellant had timely filed his notice of appeal, dismissal of the appeal would be the appropriate disposition. *See Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex.Crim.App. 2010) (holding that the decision to deny appointed counsel to pursue DNA testing under chapter 64 of the Texas Code of Criminal Procedure is not an appealable order).