# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00360-CV

### In re William Thomas Watts

### ORIGINAL PROCEEDING FROM CONCHO COUNTY

### M E M O R A N D U M   O P I N I O N

Relator William Thomas Watts has filed a petition for writ of mandamus, complaining that the trial court denied his motions seeking DNA testing and for the appointment of an attorney to assist him in obtaining DNA testing. *See* Tex. R. App. P. 52.8, *see also* Tex. Code Crim. Proc. Ann. arts. 64.01-.04 (West Supp. 2011). The trial court signed two orders denying Watts's motions on March 31, 2012, and those orders were filed by the trial court clerk on April 2, 2012; the trial court also signed a form certifying that Watts had the right to appeal from the denial of his motions. *See* Tex. R. App. P. 25.2(d).

In a DNA proceeding, the convicted person complaining of a trial court's denial of a motion for DNA testing must appeal from the adverse ruling "in the same manner as an appeal of any other criminal matter." *See* Tex. Code Crim. Proc. Ann. art. 64.05 (West 2006). A petition for writ of mandamus is not the proper avenue to complain of a trial court's ruling on a DNA motion. *See In re Broner*, No. 05-06-01148-CV, 2006 Tex. App. LEXIS 8093, at *1 (Tex. App.—Dallas Sept. 13, 2006, orig. proc.) (denying mandamus complaining of trial court's denial of motion for

DNA testing and counsel and asking appellate court to order trial court to grant motion; "relator has not shown us that he does not have an adequate remedy at law," citing article 64.05).

Even if we were to read the petition liberally and treat it as a notice of appeal, however, the filing would be untimely. A notice of appeal must be filed within thirty days of the trial court's ruling, unless the deadline is extended to ninety days by the timely filing of certain kinds of post-judgment motions. *See* Tex. R. App. P. 26.2(a). There is no indication in the record that any post-judgment motions were filed that would have extended the appellate deadline beyond thirty days, and therefore, the time to file a notice of appeal ran on April 30, 2012. *See id.* This petition was filed on May 31. Thus, we may not exercise jurisdiction over the cause even if we interpret the petition as a notice of appeal. *See Swearingen v. State*, 189 S.W.3d 779, 780-81 (Tex. Crim. App. 2006).

For these reasons, we deny the petition for writ of mandamus.

_____

David Puryear, Justice

Before Justices Puryear, Henson and Goodwin

Filed:   June 15, 2012

2