ACCEPTED
03-14-00499-CV
4079042
THIRD COURT OF APPEALS
AUSTIN, TEXAS
2/9/2015 4:11:02 PM
JEFFREY D. KYLE
CLERK

No. 03-14-00499-CV

## IN THE COURT OF APPEALS
## THIRD DISTRICT
## AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
2/9/2015 4:11:02 PM
JEFFREY D. KYLE
Clerk

### ROBERT LEE MARTIN,
### APPELLANT

### vs.

### THE STATE OF TEXAS,
### APPELLEE

APPEAL FROM THE 331ST JUDICIAL DISTRICT COURT
TRAVIS COUNTY, TEXAS
CAUSE NUMBER 95-5530

### STATE'S MOTION TO DISMISS

**Rosemary Lehmberg**
District Attorney
Travis County, Texas

**Kathryn A. Scales**
Assistant District Attorney
State Bar No. 00789128
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax No. (512) 854-4810
Kathryn.Scales@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

### ORAL ARGUMENT NOT REQUESTED

# TABLE OF CONTENTS

TABLE OF CONTENTS..................................................................................2
TABLE OF AUTHORITIES .........................................................................3
STATEMENT OF THE CASE.......................................................................5
STATEMENT OF FACTS ............................................................................5
STATE'S MOTION TO DISMISS ...............................................................8
PRAYER.......................................................................................................11
CERTIFICATE OF COMPLIANCE...........................................................12
CERTIFICATE OF SERVICE ....................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Gutierrez v. State*, 307 S.W.3d 318 (Tex. Crim. App. 2010) ...................................9

*Martin v Sicola*, No. 03-09-00453-CV, 2010 Tex. App. LEXIS 9544 (Tex. App.—

Austin December 1, 2010)....................................................................................5

*Martin v. Quarterman*, A-08-CA-732-SS, 2009 U.S. Dist. LEXIS 103735 (W.D.

Tex., August 5, 2009) ......................................................................................6, 7

*Martin v. State*, 2014 Tex. App. LEXIS 639, 2014 WL 295036 (Tex. App. Austin

Jan. 23, 2014) (mem. op. not designated for publication)............................. 7, 8, 9

*Swearingen v. State*, 189 S.W.3d 779 (Tex. Crim. App. 2006)...............................9

*Wolfe v. State*, 120 S.W.3d 368 (Tex. Crim. App. 2003) ........................................9

**Statutes**

TEX CODE CRIM. PROC., Chapter 64 ........................................................................7

TEX. CODE CRIM. PROC. art. 64.01...........................................................................8

TEX. CODE CRIM. PROC., art. 44.02...........................................................................8

**Rules**

TEX. R. APP. P. 25.2(a)(2) ........................................................................................8

TEX. R. APP. P. 25.2(d)............................................................................................10

IN THE COURT OF APPEALS
THIRD DISTRICT
AUSTIN, TEXAS

---

**ROBERT LEE MARTIN,**
**APPELLANT**

**vs.**

**THE STATE OF TEXAS,**
**APPELLEE**

---

APPEAL FROM THE 331ST JUDICIAL DISTRICT COURT
TRAVIS COUNTY, TEXAS
CAUSE NUMBER 95-5530

---

### STATE'S MOTION TO DISMISS

---

TO THE HONORABLE COURT OF APPEALS:

The State of Texas, by and through the District Attorney for Travis County,

respectfully submits this motion to dismiss in response Appellant's brief.

## STATEMENT OF THE CASE

In Cause Number 955530, the appellant was charged by indictment with committing the offense of aggravated sexual assault. *Martin v. Quarterman*, A-08-CA-732-SS, 2009 U.S. Dist. LEXIS 103735, at \*2 (W.D. Tex., August 5, 2009). On June 4, 2001, the case was called for trial in the 331st District Court, with the Honorable Judge Bob Perkins presiding. *Id*. On June 6, 2001, a jury found the appellant guilty of committing that offense. *Id*. On June 7, 2001, the jury assessed his punishment at imprisonment for life plus a fine of $10,000. *Id.*

On July 6, 2011, Appellant filed a motion for appointment of counsel to assist him in obtaining an order for DNA testing of victim's "blue panties" pursuant to TEX. CODE CRIM. PROC., Chapter 64. CR 3-15. The Honorable Judge David Crain, presiding judge of the 331st District Court of Travis County, Texas issued an order denying that motion on July 18, 2014. CR 38.

On August 15, 2014, Appellant filed his notice of appeal. CR 56-59. To date, the trial court has not certified Appellant's right to appeal.

## STATEMENT OF FACTS

Appellant was convicted by jury of aggravated sexual assault and sentenced to life in prison with a $10,000 fine on June 7, 2001. *Martin v Sicola*, No. 03-09-00453-CV, 2010 Tex. App. LEXIS 9544, at \*1 (Tex. App.—Austin December 1, 2010). The aggravated sexual assault alleged use of a deadly weapon and the

5

verdict was guilty as charged. *Martin v. Quarterman*, A-08-CA-732-SS, 2009 U.S. Dist. LEXIS 103735, at *2 (W.D. Tex., August 5, 2009).

The complainant, Cherry Nash, testified that she was sitting at a street corner around 6:00 pm. on July 11, 1995 when Appellant approached her, offered her crack cocaine and accompanied her to a wooded area near some railroad tracks by a park. *Martin v. Quarterman*, at *4, *8. Once they were isolated in that wooded area, Appellant seized Nash by the throat and choked her to near unconsciousness, produced a knife and forced her to have oral and vaginal sex by threatening her with the knife. Id. The next day, Nash went to the police with a sketch of Appellant and then was taken to a hospital for a rape exam. *Martin v. Quarterman*, at *5. She testified that Appellant had ejaculated in her and that she had not washed between the assault and the exam. *Martin v. Quarterman*, at *7. She later gave a statement and picked Appellant out of a photo lineup. *Id.* She identified Appellant at trial. *Martin v. Quarterman*, at *5.

The interviewing police officer and the rape exam nurse testified that the injuries on Nash were consistent with her story of being strangled to the ground in a wooded area. *Martin v. Quarterman*, at *8, 9. The nurse took vaginal swabbings from the victim which were preserved. *Martin v. Quarterman*, at *9. The supervisor of the Austin Police DNA crime lab testified that the sperm found on those swabs was consistent with Appellant's, but that the techniques used in

6

February, 1995 were not as specific as those available at the time of trial. At punishment stage, five other women testified that the appellant had assaulted or attempted to assault them in a similar manner. *Martin v. Quarterman*, at \*13-16.

In an order filed on November 24th, 2009, the trial court granted the appellant's motion for DNA testing without opposition from the State. *Martin v. State*, 2014 Tex. App. LEXIS 639, 2014 WL 295036 (Tex. App. Austin Jan. 23, 2014) (mem. op. not designated for publication). The trial court issued findings of fact and conclusions of law in April of 2010 reflecting that the testing showed that the major DNA profile on the vaginal swabs matched the appellant's DNA and that those results were not exculpatory. *Id.* The DNA report stated that the frequency of occurrence of the major profile in the sample was one in 3.840 quintillion unrelated persons. *Id.*

On December 8, 2010, Appellant filed a motion for appointment of counsel to assist him in obtaining an order to search the Texas DNA database. *Id.* On July 6, 2011 and prior to obtaining a ruling on his December 8, 2010 motion, Appellant filed another motion for appointment of counsel to assist him in obtaining an order for DNA testing pursuant to Tex Code Crim. Proc., Chapter 64. CR 3-15. The trial court denied Appellant's December 8, 2010 motion and issued orders to that effect on November 17, 2011 and December 19, 2011. *Martin v. State*, 2014 Tex. App. LEXIS 639, 2014 WL 295036 (Tex. App. Austin Jan. 23, 2014) (mem. op.

not designated for publication). The trial court issued an order denying Appellant's July 6, 2011 motion on July 18, 2014. CR 38.

## STATE'S MOTION TO DISMISS

The State respectfully requests that the instant appeal be dismissed, for the following reasons:

*I. An order denying appointed counsel is not an "appealable order" under TEX. R. APP. P. 25.2(a)(2):*

A convicted person may submit to the convicting trial court a motion seeking DNA testing if the motion is accompanied by an affidavit and seeks testing of biological material not previously tested or subject to newer test techniques that are reasonably likely to produce more accurate and probative results than the earlier test. TEX. CODE CRIM. PROC. art. 64.01(b). The person seeking testing is entitled to appointed counsel for a proceeding related to DNA testing if the court "finds reasonable grounds" for the motion. *Id.* art. 64.01(c).

The right of a convicted person to appeal is set out in TEX. R. APP. P. 25.2(a)(2). In pertinent part, Rule 25.2(a)(2) provides that a convicted person has the right to appeal under TEX. CODE CRIM. PROC., art. 44.02 and the appellate rules. Under Rule 25.2(a)(2), there must be "a judgment of guilt or other appealable order."

8

The Texas Court of Criminal Appeals has held that an order denying DNA testing is an "appealable order" under Rule 25.2(a)(2). *Swearingen v. State*, 189 S.W.3d 779, 781 (Tex. Crim. App. 2006). At the same time, however, the Court of Criminal Appeals has also held that the decision to deny appointed counsel is not an "appealable order" under Rule 25.2(a)(2). *Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010). That holding was recently highlighted by this Court in another appeal filed by this very Appellant. See *Martin v. State*, 2014 Tex. App. LEXIS 639, 2014 WL 295036 (Tex. App. Austin Jan. 23, 2014) (mem. op. not designated for publication). In that case, Appellant sought appointed counsel to assist him not in obtaining DNA testing but in having those test results compared to the statewide DNA database. After noting that the decision to deny appointed counsel is, generally speaking, not an "appealable order" under Rule 25.2(a)(2), this Court then dismissed Martin's appeal for lack of jurisdiction, holding that the request did not fall within the purview of Chapter 64 and is therefore not reviewable on appeal. *Martin* at \*6-7; Cf. *Wolfe v. State*, 120 S.W.3d 368, 371 (Tex. Crim. App. 2003) (addressing whether, under 2003 version of Article 64.05, court of appeals had jurisdiction to review trial court's denial of request to appoint DNA expert).

In the instant case, Appellant has once again filed an appeal of an order that the Appellate Court lacks jurisdiction to review. State would, therefore, respectfully request that Appellant's appeal be dismissed.

## II. The trial court has not certified that Appellant has the right to appeal:

Rule 25.2(d) of the Texas Rules of Appellate Procedure provides as follows:

> Certification of Defendant's Right of Appeal. --If the defendant is the appellant, the record must include the trial court's certification of the defendant's right of appeal under Rule 25.2(a)(2). The certification shall include a notice that the defendant has been informed of his rights concerning an appeal, as well as any right to file a pro se petition for discretionary review. This notification shall be signed by the defendant, with a copy given to him. The certification should be part of the record when notice is filed, but may be added by timely amendment or supplementation under this rule or Rule 34.5(c)(1) or Rule 37.1 or by order of the appellate court under Rule 34.5(c)(2). ***The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules***.

TEX. R. APP. P. 25.2(d) (emphasis added).

In the case at bar, the trial court has not issued an order certifying Appellant's right to appeal its July 18, 2014 order. Consequently, Appellant's appeal "must be dismissed." TEX. R. APP. P. 25.2(d).

10

## PRAYER

WHEREFORE, the State requests that the Court dismiss the instant appeal.

Respectfully submitted,

**Rosemary Lehmberg**
District Attorney
Travis County

*/s/ Kathryn A. Scales*
**Kathryn A. Scales**
Assistant District Attorney
State Bar No. 00789128
P.O. Box 1748
Austin, Texas 78767
(512) 854-9400
Fax No. (512) 854-4810
Kathryn.Scales@traviscountytx.gov
AppellateTCDA@traviscountytx.gov

**CERTIFICATE OF COMPLIANCE**

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), the State certifies that the length of this response is 1,451 words, which is within the limits imposed by the Rule. The State also certifies, pursuant to Texas Rule of Appellate Procedure 9.4(e), that a conventional 14-point typeface was used to generate this brief.

*/s/ Kathryn A. Scales*
Kathryn A. Scales

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 9th day of February, 2015, the foregoing State's brief was sent, via U.S. mail, electronic mail, facsimile, or electronically through the electronic filing manager, to Appellant, Robert Lee Martin #1050629 at The Clements Unit, 9601 Spur 591, Amarillo, Texas 79107-9606.

*/s/ Kathryn A. Scales*
Kathryn A. Scales