**255-15**

No. 02-14-00498-CR
(Case No. 0557784D)

ORIGINAL

EXPARTE
DARRELL WAYNE PHILLIPS

FILED IN
COURT OF CRIMINAL APPEALS

MAR 09 2015

Abel Acosta, Clerk

From the
SECOND DISTRICT COURT

COURT OF APPEALS IN

V.

THE STATE OF TEXAS

TARRANT COUNTY, TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAR 09 2015

Abel Acosta, Clerk

REQUEST FOR DISCRETIONARY REVIEW

TO THE HONORABLE CRIMINAL COURT OF APPEALS:

COMES NOW, FOR CONSIDERATIONS: the petitioner in the above styled and numbered cause and case, without the assistance of counsel, respectfully ask for this Criminal Court's considerations and judicial powers: To instruct the lower Courts to make the District Clerk's docket recordings available for its examinations, concerning [Appellant]-Petitioner's DNA proceedings on filings by all parties involved, including the Court's Reporters Record for purposes of determinations as to; "Whether defendant [Appellant] made timely filings in this case, and issues warrant a remand."

The Appellant's Appeal in this cause challenges the fundamental fairness of his entire proceedings. The Statutory and Constitutional violations that involves "False misleadings and Misconduct" affecting the fairness of his DNA Trial proceedings. See Darrell Wayne Phillips, No.0557784D (213th Dist. Fort Worth, Tex. May 2, 2014); See also additional Pro se filings, Objections and Request for Evidentiary considerations,. ie to correct falsehood( June 9, 2014, July 6, 2014-through-January 22, 2015, id State v Phillips and In re Darrell Wayne Phillips, No.02-14-00498-CR(2nd Dist. Ft. Worth, Tex. Jan. 22, 2015) Dismissing Appeals due to Appellant's untimely filings and Attorney of Record filingss agreeing that the Court lack jurisdiction in this matterl

The Appellant-Petitioner must be allowed a hearing to show that any and all untimiely filings allegations, in this matter was not his fault or true. That he has shown great diligence on his part to asure the Honorable justices in this matter, that he does not wish to abandon [t]his Appeal, and didnot file any document agreeing the Appeal should be dismissed for lack of jurisdiction.

The Appellant was not appointed Counsel and didnot consent to or consult with any attorney concerning this case. Appellant didnot recieve notice or possess any documentations from the Courts or alleged appointed counsel who file documents in appellant's behal, without the appellant's concient.

## CONCLUSIONS

WHEREFORE, PROMISES CONSIDERED, the Petitioner prays the Honorable Court of Criminal Appeals Grant this request, in all fairness, order that required records be submitted for a determination of remand and reversal of Appeals Court't dismissal.

Respectfully submitted

Darrell W. Phillips
#712352 Huntsville
815 12th Street
Huntsville, Tx, 77348

## CERTIFICATE OF SERVICE

I do hereby certify thaT ON THE DAY OF 2015 a true and correct copy of the foregoing Request was forwarded to the attorney for State Tarrant Count. Texas

Darrell W. Phillips
ID# 712352 H/V unit

(2)

No. 02-14-00498-CR
(Case No.0557784D)

STATE OF TEXAS                                    IN THE CRIMINAL COURT

V.                                                OF APPEALS

DARRELL WAYNE PHILLIPS                            AUSTIN, TEXAS

ORDER

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the foregoing Request for Discretionary Review is hereby GRANTED____ / DENIED       on this the    day of              2015.

Judge presiding



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

## NO. 02-14-00489-CR

DARRELL WAYNE PHILLIPS                                    APPELLANT

V.

THE STATE OF TEXAS                                              STATE

----------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NO. 0557784D

----------

## MEMORANDUM OPINION[1]

----------

On June 9, 2014, the trial court denied appellant's pro se motion requesting DNA testing, which he filed under chapter 64 of the code of criminal procedure.[2] After the due date for a notice of appeal but within the time period

---

[1]*See* Tex. R. App. P. 47.4.

[2]*See* Tex. Code Crim. Proc. Ann. arts. 64.01–.05 (West 2006 & Supp. 2014).

for requesting an extension of time to file a notice of appeal, appellant filed a notice of appeal.[3] *See* Tex. R. App. P. 26.2(a)(1), 26.3; *see also Swearingen v. State*, 189 S.W.3d 779, 781 (Tex. Crim. App. 2006) ("[A] DNA movant must meet applicable filing and time requirements found in the Rules of Appellate Procedure."). But he did not file a timely motion to extend the time to file his notice of appeal. *See* Tex. R. App. P. 26.3. Later, appellant filed a "subsequent" notice of appeal. The trial court appointed counsel to represent appellant on appeal.

On December 5, 2014, we sent a letter to appellant that expressed our concern that we lack jurisdiction because the notice of appeal was not timely. We informed appellant that unless he filed a response showing grounds for continuing the appeal, it could be dismissed. Appellant filed a response in which he agreed that we lack jurisdiction and conceded that dismissal is appropriate. Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 25.2(b), 26.2(a), 26.3(b), 43.2(f); *see also Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("When a notice of appeal is filed within the fifteen-day [extension] period but no timely motion for extension of time is filed, the appellate court lacks jurisdiction."); *Brock v. State*, No. 02-14-00310-CR, 2014 WL

---

[3]Appellant's original notice of appeal bears a file-stamped date of July 22, 2014. His certificate of service on the notice of appeal states that he sent it to the district clerk on July 13, 2014.

5492730, at *1 (Tex. App.—Fort Worth Oct. 30, 2014, no pet.) (mem. op., not designated for publication) (applying *Olivo*).

PER CURIAM

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 22, 2015