

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-15-00214-CR

JOHNNY BLAYLOCK          APPELLANT

V.

THE STATE OF TEXAS          STATE

----------

## FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
## TRIAL COURT NO. 1139880D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Johnny Blaylock was convicted of possession with the intent to deliver a controlled substance; namely, methamphetamine in a quantity of more than four grams but less than 200 grams. *Blaylock v. State*, No. 02-11-00274-CR, 2012 WL 5356289, at *1 (Tex. App.—Fort Worth, Nov. 1, 2012, pet ref'd) (mem. op., not designated for publication). This court affirmed his conviction on

---

[1]*See* Tex. R. App. P. 47.4.

November 1, 2012. *Id.* In April 2015, Appellant filed a "Request for Appointment of Counsel Pursuant to Article 64, Code of Criminal Procedure." *See* Tex. Code Crim. Proc. Ann. art. 64.01(c) (West Supp. 2014). The trial court entered an order denying Appellant's motion on May 8, 2015. Appellant did not file a motion for new trial.

After the due date for filing a notice of appeal but within the time period for requesting an extension of time to file a notice of appeal, Appellant filed a notice of appeal from the trial court's order.[2] *See* Tex. R. App. P. 26.2(a)(1), 26.3; *see also Swearingen v. State*, 189 S.W.3d 779, 781 (Tex. Crim. App. 2006) ("[A] DNA movant must meet applicable filing and time requirements found in the Rules of Appellate Procedure."). Appellant did not file a motion to extend time to file his notice of appeal. *See* Tex. R. App. P. 26.3(b).

On June 25, 2015, we notified Appellant that it appeared that we lacked jurisdiction over this appeal because the notice of appeal was not timely filed. *See* Tex. R. App. P. 26.2(a)(1). We advised him that this appeal could be dismissed for want of jurisdiction unless he, or any party desiring to continue the appeal, filed a response showing grounds for continuing the appeal on or before July 6, 2015. *See* Tex. R. App. P. 44.3. We have received no response.

---

[2]Appellant's notice of appeal bears a file-stamped date of June 19, 2015. The certificate of service on the notice of appeal states that Appellant sent it to the district clerk on June 10, 2015.

Our appellate jurisdiction is triggered through a timely notice of appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). If a notice of appeal is not timely filed under rule of appellate procedure 26.2, we do not have jurisdiction to address the merits of the appeal and may take no action other than dismissal. *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *see* Tex. R. App. P. 26.2. Accordingly, we dismiss this appeal for lack of jurisdiction.[3] *See* Tex. R. App. P. 25.2(b), 26.2(a), 26.3(b), 43.2(f); *see also Olivo*, 918 S.W.2d at 523 ("When a notice of appeal, but no motion for extension of time, is filed within the fifteen-day [extension] period, the court of appeals lacks jurisdiction to dispose of the purported appeal in any manner other than by dismissing it for lack of jurisdiction.").

PER CURIAM

PANEL: GARDNER, WALKER, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 6, 2015

---

[3]Even if Appellant had timely filed his notice of appeal, dismissal of the appeal would be the appropriate disposition. *See Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010) (holding that the decision to deny appointed counsel to pursue DNA testing under chapter 64 of the Texas Code of Criminal Procedure is not an appealable order).