# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00669-CR

**Donald Aekins, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 403RD JUDICIAL DISTRICT
### NO. D-1-DC-12-904056, HONORABLE BRENDA KENNEDY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

On January 26, 2015, the district court denied appellant Donald Aekins's motion for post-conviction DNA testing. On May 26, 2015, Aekins filed a motion for appointment of counsel to appeal that denial, which the district court also denied. On October 16, 2015, Aekins filed a notice of appeal from the district court's order denying his motion for appointment of counsel. No separate notice of appeal from the district court's January 26 order has been filed.

"Texas Code of Criminal Procedure Chapter 64 defines the procedures for a convicted person to obtain post-conviction DNA testing."[1] "An appeal under this chapter is to a court of appeals in the same manner as an appeal of any other criminal matter."[2] "Consequently, a DNA movant must meet applicable filing and time requirements found in the Rules of Appellate Procedure."[3] "These requirements include filing a notice of appeal and filing that notice within

---

[1] *Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010).

[2] Tex. Code Crim. Proc. art. 64.05.

[3] *Swearingen v. State*, 189 S.W.3d 779, 781 (Tex. Crim. App. 2006).

thirty days after the appealable order is entered."[4] The "appealable order" in a Chapter 64 proceeding is the order denying DNA testing; an order denying the appointment of counsel is not separately appealable.[5]

In this case, the appealable order is the district court's January 26, 2015, order denying Aekins's motion for post-conviction DNA testing.[6] No notice of appeal from that order has been filed. And, even if we were to broadly construe Aekins's notice of appeal from the denial of appointed counsel as encompassing the district court's January 26 order, that notice was not filed until October 16, 2015, well beyond the thirty-day deadline. As no timely notice of appeal has been filed in this case, we must dismiss the appeal for want of jurisdiction.[7]

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

Dismissed for Want of Jurisdiction

Filed:   July 15, 2016

Do Not Publish

_____

   [4]  *Id*. (citing Tex. R. App. P. 25.2(b), 26.2(a)(1)).

   [5]  *See Gutierrez*, 307 S.W.3d at 321-23; *Swearingen*, 189 S.W.3d at 781.

   [6]  *See Swearingen*, 189 S.W.3d at 781 ("Although the trial court later denied other motions that may have been ancillary to the Chapter 64 proceeding, the outcome of the proceeding was decided on [the date the motion for DNA testing was denied], and the appellate timetable ran from that date.").

   [7]  *See Gutierrez*, 307 S.W.3d at 323; *Swearingen*, 189 S.W.3d at 781; *Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).