# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00575-CR

**Robert Lee Martin, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT NO. D-1-DC-95-955530, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 2001, appellant Robert Lee Martin was convicted of aggravated sexual assault and sentenced to life in prison. *See Martin v. State*, No. 03-02-00435-CR, 2003 WL 21087732 (Tex. App.—Austin May 15, 2003, pet. ref'd) (mem. op., not designated for publication); *see also Martin v. Thaler*, No. A-08-CA-732-SS, 2009 WL 3756890 (W.D.Tex. Nov. 6, 2009). In 2009, the trial court granted Martin's motion for DNA testing. On April 14, 2010, after receiving test results from Orchid Cellmark Laboratory, the trial court signed findings of fact and conclusions of law. The trial court found that Orchid Cellmark determined that the DNA obtained from the victim's body and clothing matched Martin's profile and concluded that the DNA test results were not exculpatory and that, had the results been available at trial, it was reasonably probable that Martin would have been convicted. *See* Tex. Code Crim. Proc. art. 64.04. Following those tests, Martin unsuccessfully sought further testing, the appointment of an attorney to assist him in conducting a search of the State's DNA database, and an order requiring the State to search its DNA database.

On August 29, 2016, Martin filed a notice of appeal from the trial court's "judgment/order signed" on April 14, 2010. In his brief, Martin complains that "recent scientific developments" undermine the DNA test results and the trial court's 2010 findings and conclusions.

As noted by the State, Martin's notice of appeal was filed years too late.[1] *See* Tex. R. App. P. 26.2(a); *Swearingen v. State*, 189 S.W.3d 779, 781 (Tex. Crim. App. 2006). We may not exercise jurisdiction over this appeal, filed more than six years after the order Martin seeks to challenge.[2] We therefore dismiss for want of jurisdiction.

---

[1] On October 17, 2016, the trial court signed a certification of Martin's right to appeal. However, the fact that the certification was not filed when the trial court signed its findings and conclusions does not excuse Martin from filing his notice of appeal within thirty days. *See* Tex. R. App. P. 26.2 (deadline for filing notice of appeal runs from date trial court imposes or suspends sentence in open court or enters appealable order); *Fowler v. State*, No. 01-12-00300-CR, 2013 WL 653276, at *2 n.1 (Tex. App.—Houston [1st Dist.] Feb. 21, 2013, no pet.) (mem. op., not designated for publication) ("Contrary to appellant's argument, the order denying relief was final and appealable when entered by the trial court, regardless of when the trial court executed a certification of appellant's right to appeal."); *see, e.g.*, *Ex parte Payne*, No. WR-76539-01, 2011 WL 4970956, at *2 (Tex. Crim. App. Oct. 19, 2011) (order, not designated for publication) (when record does not include certification, appellate court should abate to trial court for preparation and filing of certification). Further, the fact that the certification was signed after Martin filed his notice of appeal indicates that Martin was not waiting for the certification before appealing.

Finally, Martin asserts that his appeal is based on "newly discovered evidence," specifically a "Notification issued by the Texas Forensic Science Commission" on August 27, 2015. Even if Martin could take a direct appeal from the trial court's findings and conclusions more than thirty days after they were signed based on "newly discovered evidence," and assuming that the Commission's report amounts to "newly discovered evidence," Martin's notice of appeal was filed one year after issuance of the report and would have been untimely.

[2] Even if we were to reach the merits of Martin's requests, however, we would lack jurisdiction to consider his motions related to the search of the State's DNA database. *See Martin v. State*, No. 03-11-00839-CR, 2014 WL 295036, at *2-3 (Tex. App.—Austin Jan. 23, 2014, no pet.) (mem. op., not designated for publication) (Chapter 64 permits appeal from order denying DNA testing or related to testing results, not from order on motion ancillary to test proceeding; motion for counsel to assist in having test results compared to statewide database "does not fall within the purview of Chapter 64 and is therefore not reviewable on appeal").

2

_____

David Puryear, Justice

Before Justices Puryear, Pemberton, and Field

Dismissed for Want of Jurisdiction

Filed:   January 5, 2017

Do Not Publish