Opinion issued July 25, 2019



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-17-00858-CR

————————————

## KEVIN CASTRO, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 248th District Court
Harris County, Texas
Trial Court Case No. 1318800

## MEMORANDUM OPINION

Kevin Castro moved for post-conviction DNA testing under Chapter 64 of

Code of Criminal Procedure. The trial court denied his motion. We affirm.

**BACKGROUND**

*Castro's Trial and Conviction*

A jury found Castro guilty of the first-degree felony offense of aggravated robbery with a weapon, a handgun, and this court affirmed his conviction. *See Castro v. State*, No. 01-12-00396-CR, 2013 WL 655208, at *1 (Tex. App.—Houston [1st Dist.] Feb. 21, 2013, pet. ref'd) (mem. op., not designated for publication).

At trial, the complainant, Carlos Ayala, testified that Castro put a handgun to Ayala's stomach and said "I'm going to rob you." *See id.* Ayala threw his wallet, after which a second man accompanying Castro instructed Castro to shoot Ayala. *Id.* Ayala fled to his apartment, where he telephoned the police. *Id.* Castro and the other man then drove away in a maroon vehicle. *Id.* at *1 & n.3.

The police found Castro and the other man at a nearby convenience store and pulled them over as they left. *Id.* Castro was driving a maroon vehicle. *Id.* When the police searched this vehicle, an officer found a loaded handgun, Ayala's tax identification card, and a wallet matching Ayala's description of his wallet. *Id.*

When he took the stand, Ayala identified Castro as the man who robbed him. *Id.* at *2. Defense counsel did not object to Ayala's identification testimony. *Id.*

*Castro's Post-Conviction Motions*

Castro sought and obtained post-conviction DNA testing under Chapter 64. The trial court signed an agreed order providing for a DNA comparison of a blood

and saliva sample taken from Castro and biological evidence taken from the wallet, tax identification card, handgun, and a hat that Castro allegedly wore during the robbery. The testing yielded these results:

- the wallet had DNA from two people, neither of whom was Castro;

- the tax identification card had no discernable DNA on it;

- the handgun did not have any interpretable DNA on it; and

- the hat had DNA from two people and Castro could not be excluded.

Castro later moved for further DNA testing. He requested that the trial court order Ayala to submit a DNA sample for comparison with the DNA obtained from the wallet. The trial court denied the motion on the ground that Castro had not shown a reasonable probability that he would not have been prosecuted or convicted if he had had access to the requested DNA testing at or before trial.

Castro appeals from the order denying his motion for further DNA testing.

## DISCUSSION

Castro argues that the trial court erred in not ordering Ayala, the complainant, to provide a DNA sample for comparison with the biological material on the wallet. Castro posits that if testing reveals that Ayala's DNA is not on the wallet, this would show that it did not belong to Ayala and thereby prove that Castro did not rob him.

## Standard of Review

A bifurcated standard of review applies to a trial court's denial of a motion for post-conviction DNA testing under Chapter 64 of the Code of Criminal Procedure. *Reed v. State*, 541 S.W.3d 759, 768 (Tex. Crim. App. 2017). We almost totally defer to its resolution of historical fact issues supported by the record and application-of-law-to-fact issues that turn on witness credibility and demeanor. *Id.* We review de novo all other application-of-law-to-fact questions. *Id.* at 768–69.

## Applicable Law

There is no constitutional right to post-conviction testing to ascertain the presence of another person's DNA. *See Prible v. State*, 245 S.W.3d 466, 469 (Tex. Crim. App. 2008). Instead, the right to post-conviction DNA testing is defined by statute, specifically Chapter 64 of the Code of Criminal Procedure. *See id.* at 469–70; *Swearingen v. State*, 189 S.W.3d 779, 780 (Tex. Crim. App. 2006).

A convicted person may move in the convicting court for DNA testing of "evidence that has a reasonable likelihood of containing biological material" under certain circumstances. *See* TEX. CODE CRIM. PROC. art. 64.01(a-1), (b). Biological material "means an item that is in possession of the state and that contains blood, semen, hair, saliva, skin tissue or cells, fingernail scrapings, bone, bodily fluids, or other identifiable biological evidence that may be suitable for forensic DNA testing." TEX. CODE CRIM. PROC. art. 64.01(a)(1). The movant may seek testing only of

evidence "that was secured in relation to the offense that is the basis of the challenged conviction and was in the possession of the state during the trial of the offense." TEX. CODE CRIM. PROC. art. 64.01(b).

In general, the convicting court may grant a motion for DNA testing only if:

(1) the court finds that:

    (A) the evidence:

        (i) still exists and is in a condition making DNA testing possible; and

        (ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect;

    (B) there is a reasonable likelihood that the evidence contains biological material suitable for DNA testing; and

    (C) identity was or is an issue in the case; and

(2) the convicted person establishes by a preponderance of the evidence that:

    (A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and

    (B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice.

TEX. CODE CRIM. PROC. art. 64.03(a)(1), (2).

Thus, to obtain DNA testing under Chapter 64, a convicted person must prove by a preponderance of the evidence—a greater than 50% likelihood—that the jury would not have found him guilty if his proposed testing's exculpatory results had been available at trial. *Reed*, 541 S.W.3d at 774. In our review, we ordinarily assume,

5

without deciding, that the test results would be exculpatory. *See id.* Exculpatory "means only results excluding the convicted person as the donor" of any DNA. *Id.* Accordingly, the convicted person must show that, more likely than not, the jury would not have found him guilty if it had been able to weigh evidence that he did not deposit DNA on the tested evidence against the balance of the evidence presented during trial. *Holberg v. State*, 425 S.W.3d 282, 287 (Tex. Crim. App. 2014). This requirement is not satisfied if the DNA test results would "merely muddy the waters." *LaRue v. State*, 518 S.W.3d 439, 446 (Tex. Crim. App. 2017).

*Analysis*

Castro's motion is fatally defective for two reasons. First, he requests that the trial court order new evidence to be collected, specifically a specimen from Ayala. On its face, Chapter 64 provides solely for the testing of evidence that previously was secured by the state and was in the state's possession at trial. TEX. CODE CRIM. PROC. art. 64.01(b). As a matter of law, Castro cannot compel Ayala to submit a DNA sample for comparison post-conviction. *See id.*; *see, e.g.*, *Yarbrough v. State*, 258 S.W.3d 205, 209 (Tex. App.—Waco 2008, no pet.) (convict could neither compel state to exhume victim's body to gather additional evidence nor compel blood draw from co-defendant).

Second, the DNA testing that Castro seeks must be exculpatory in the sense that its results could exclude him as a donor. *See Reed*, 541 S.W.3d at 774. The

6

testing that he seeks, however, is a comparison between Ayala's DNA and the DNA on the wallet. The wallet previously was tested at Castro's request. The results showed the DNA of two persons, neither of whom was Castro. So he already has been excluded as a donor and, even if he had not, establishing that Ayala was or was not one of two donors could not exclude Castro. As a matter of law, Castro is not entitled to the testing he requests because it could not exculpate him. *See id.*; *LaRue*, 518 S.W.3d at 446.

We hold that the trial court did not err in denying Castro's motion.

## CONCLUSION

We affirm the trial court's order denying Castro's motion for post-conviction DNA testing.

Gordon Goodman
Justice

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).