**Motion Granted, Appeal Dismissed, and Memorandum Opinion filed January 26, 2021.**



In The

# Fourteenth Court of Appeals

### NO. 14-20-00818-CR

### LINZALE DORSETTE GREER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 122nd District Court
### Galveston County, Texas
### Trial Court Cause No. 09-CR-3730

### MEMORANDUM OPINION

Appellant Linzale Dorsette Greer attempts to appeal the "dismissal" of his motion to proceed pro se on his motion for post-conviction DNA testing under Chapter 64 of the Code of Criminal Procedure.[1] The State filed a motion to dismiss for lack of jurisdiction because no interlocutory appeal is permitted in the present context. The motion has been pending for more than ten days, and appellant has filed

---

[1] We affirmed appellant's conviction in 2019. *Greer v. State*, No. 14-18-00046-CR, 2019 WL 3821959 (Tex. App.—Houston [14th Dist.] Aug. 15, 2019, no pet.) (mem. op., not designated for publication).

no response.

Appellant filed a motion for forensic DNA testing on May 20, 2020. The State then filed a notice regarding the status of the DNA results and requested the trial court to appoint counsel for appellant. The trial court granted the request to appoint counsel on May 22, 2020. *See* Tex. Code Crim. Proc. art. 64.01(c). The order granting the request incorrectly states the request for counsel was made by appellant rather than the State.

On September 16, 2020, appellant, acting pro se, filed a document entitled "Motion to Waive the Right to Counsel and Proceed Pro Se." No order on that motion appears in the record, though the State informs us that the trial court denied the motion following a hearing. We lack appellate jurisdiction absent a written order. *See State v. Sanavongxay*, 407 S.W.3d 252, 258–59 (Tex. Crim. App. 2012).

Moreover, assuming the trial court signed an order denying appellant's motion, we would lack jurisdiction over an attempted appeal from such an order. An order denying a motion for post-conviction DNA testing is immediately appealable. *See* Tex. Code Crim. Proc. art. 64.05; *Swearingen v. State*, 189 S.W.3d 779, 780–81. By contrast, an order denying a motion for appointed counsel in a post-conviction DNA proceeding is not immediately appealable. *Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010). We have found no authority to allow an immediate appeal from an order denying a motion to waive appointed counsel and proceed pro se.

We grant the State's motion to dismiss and dismiss the appeal.

PER CURIAM

Panel consists of Justices Jewell, Bourliot, and Wilson

Do Not Publish — Tex. R. App. P. 47.2(b).