**Opinion filed August 31, 2022**



In The

# Eleventh Court of Appeals

———————

## No. 11-22-00215-CR

———————

## LAFETTE LATRELL BATTEE, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 104th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 18857B**

### M E M O R A N D U M   O P I N I O N

Appellant, Lafette Latrell Battee, has filed a pro se notice of appeal related to a postconviction motion for forensic DNA testing. *See* TEX. CODE CRIM. PROC. ANN. ch. 64 (West 2018). The file-stamp on the motion indicates that it was filed in the district clerk's office on July 1, 2022, and the documents on file in this court reflect that the trial court has not yet ruled on the motion. Because Appellant's notice of appeal was filed prematurely, we dismiss the appeal.

When this appeal was docketed, the clerk of this court wrote Appellant and informed him that it did not appear that Appellant's notice of appeal related to a final, appealable order. We requested that Appellant respond and show grounds to continue the appeal. In response, Appellant filed in this court a request for a ruling on his motion for DNA testing. Appellant, however, has not shown grounds upon which this appeal may continue at this time.

An appellate court has jurisdiction to consider an appeal by a criminal defendant from a final judgment of conviction or as otherwise authorized by law. *Ragston v. State*, 424 S.W.3d 49, 51–52 (Tex. Crim. App. 2014); *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). The notice of appeal filed by Appellant in this cause relates to a Chapter 64 motion that is still pending in the trial court. Under Article 64.02, the State's response period has not even expired yet. Thus, Appellant's notice of appeal is premature. *See Swearingen v. State*, 189 S.W.3d 779, 780–81 (Tex. Crim. App. 2006) (discussing time in which to file a notice of appeal under Chapter 64); *see also In re Dimas*, 88 S.W.3d 349, 350–51 (Tex. App.—San Antonio 2002, orig. proceeding) (addressing availability of mandamus relief related to a postconviction motion for DNA testing, acknowledging that a trial court is required to consider and rule upon such a motion within a reasonable time, and setting forth the requirements that must be satisfied to obtain mandamus relief).

We dismiss this appeal for want of jurisdiction.

PER CURIAM

August 31, 2022

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.