**Opinion filed January 4, 2024**



In The

# Eleventh Court of Appeals

_____

## No. 11-23-00286-CR

_____

## CHARLES LEE LEVAN, JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 11,625**

## M E M O R A N D U M   O P I N I O N

Appellant, Charles Lee Levan, Jr., has filed an untimely notice of appeal in this cause. Appellant attempts to appeal from a denial of his motion for forensic DNA testing. We dismiss the appeal.

The documents on file in this case indicate that, on March 27, 2023, Appellant filed a motion for an independent examination of DNA evidence along with a letter requesting that the district clerk file and process the motion so the trial court could

"make its ruling." On Appellant's filing, "Denied" or "Denial" and 3/27/23" is handwritten with a signature below the ruling and date.

Appellant filed a pro se notice of appeal on December 12, 2023. However, Appellant's notice of appeal was due to be filed within thirty days after the date that the trial court entered its appealable order. *See* TEX. R. APP. P. 26.2(a)(1); *see also* TEX. CODE CRIM. PROC. ANN. art. 64.05 (West 2018). The documents on file in this court show that Appellant's notice of appeal was filed 260 days after the trial court entered its denial of his motion. The notice of appeal was, therefore, untimely. Absent a timely filed notice of appeal or the granting of a timely motion for extension of time, we do not have jurisdiction to entertain this appeal. *See Swearingen v. State*, 189 S.W.3d 779, 781 (Tex. Crim. App. 2006); *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522–23 (Tex. Crim. App. 1996); *Rodarte v. State*, 860 S.W.2d 108, 110 (Tex. Crim. App. 1993).

When the appeal was filed in this court, we notified Appellant by letter that his notice of appeal appeared to be untimely and that the appeal may be dismissed for want of jurisdiction. We requested that Appellant respond to our letter and show grounds to continue. In his response, Appellant stated that he filed his notice of appeal and "all of the standard motions . . . [o]n or about APRIL 21st [sic] 2023," but that the "officials . . . stated they never received any DNA motion or appeal motions or notice for appeal." He further stated that he filed a docketing statement with this court "on or about DECEMBER 12, 2023." Appellant "suggest[s]," as a result, that we "grant such untimely appeal. [sic] due to the error's on the STATE OFFICIALS [sic] part" and "in the interest of Justice and fairness." The district clerk has informed the clerk of this court that a notice of appeal was not filed in this cause until December 12, 2023.

Accordingly, Appellant's notice of appeal is untimely, and Appellant has not shown any grounds upon which this appeal may proceed. To the extent Appellant

requests that we grant him an out-of-time appeal, we are not authorized to grant such a request. The Texas Court of Criminal Appeals is the only court with jurisdiction to consider a motion for an out-of-time appeal. *See Ater v. Eighth Ct. of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding). Because we lack jurisdiction over his appeal, we have no jurisdiction to consider "suggest[ion]" to "grant [his] untimely appeal." *See Gowan v. State*, No. 02-16-00140-CR, 2016 WL 2989952, at *1 (Tex. App.—Fort Worth May 19, 2016, no pet.) (mem. op., not designated for publication).

We dismiss this appeal for want of jurisdiction.


JOHN M. BAILEY
CHIEF JUSTICE

January 4, 2024

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.