**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-26-00081-CR**
_____

**JAMES DWAYNE CROWLEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 435th District Court**
**Montgomery County, Texas**
**Trial Cause No. 15-10-11144**

**MEMORANDUM OPINION**

On November 10, 2025, James Dwayne Crowley (Crowley)[1] filed a Motion

for Appointment of Counsel and Preservation/Disclosure of DNA Testing Records

---

[1] In the "Notice of Appeal" filed by Crowley from Cause No. 15-10-11144, Crowley uses the name "James Dwayne Crowley." In the "Motion for Appointment of Counsel and Preservation/Disclosure of DNA Testing Records (Tex.Code.Crim.Proc. arts. 64.01-64.05 & 64.035[)]" which was filed by Crowley in Cause No. 15-10-11144, he uses the name "James Dwayne Crowley, Jr." in his motion. In the "Order Denying Defendant's *Pro Se* Motion to Appoint Counsel," in Cause No. 15-10-11144 Crowley is named as "James Dwayne Crowley."

pursuant to Chapter 64 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 64.01. On January 16, 2026, the trial court denied Crowley's motion to appoint counsel for purposes of seeking post-conviction DNA testing. Crowley's motion seeking "disclosure of all DNA profiles and test data generated in this case" remains pending before the trial court.

An appeal under Chapter 64 "is to a court of appeals in the same manner as an appeal of any other criminal matter[.]" *See id*. art. 64.05. A notice of appeal must be filed within thirty days of the date the trial court signs an order denying DNA testing. *See Swearingen v. State*, 189 S.W.3d 779, 781 (Tex. Crim. App. 2006). An order denying a motion for appointment of counsel is not an appealable order within the meaning of Rule 25.2(a)(2) of the Texas Rules of Appellate Procedure. *See Gutierrez v. State*, 307 S.W.3d 318, 321, 323 (Tex. Crim. App. 2010).

Crowley argues a denial of counsel in response to a Chapter 64 filing constitutes a disposition of the statutory request for DNA testing. This argument is contrary to *Gutierrez*. *See id*. at 323.

Crowley is attempting to appeal an order denying his motion for appointment of counsel. Unlike a final order denying a motion for DNA testing under article 64.01 which may be appealed, an order denying his motion for appointment of counsel is not an appealable order. Because the order in question is interlocutory, we dismiss

the appeal for lack of jurisdiction. *See* Tex. R. App. P. 43.2(f). Any pending motions are denied as moot.

APPEAL DISMISSED.

PER CURIAM

Submitted on March 31, 2026
Opinion Delivered April 1, 2026
Do Not Publish

Before Golemon, C.J., Johnson and Wright, JJ.